Case 1:22-cv-01050-SDG   Document 1-1   Filed 03/15/22   Page 1 of 8

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-00925-S3**
**2/14/2022 3:32 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| JOAN PEREZ and ARIAN PEREZ,<br><br>      Plaintiffs,<br><br>v.<br><br>GYPSUM EXPRESS LTD., DENNIS HORNE, and PROTECTIVE INSURANCE COMPANY,<br><br>      Defendants. | 22-C-00925-S3<br><br>CIVIL ACTION FILE NO.: _____<br><br>**JURY TRIAL DEMANDED**<br><br>EXHIBIT "A" |

**COMPLAINT**

COMES NOW JOAN PEREZ and ARIAN PEREZ, Plaintiffs in the above-captioned matter, and states their Complaint against Defendants GYPSUM EXPRESS LTD., DENNIS HORNE, and PROTECTIVE INSURANCE COMPANY as follows:

**PARTIES AND JURISDICTION**

1.

Plaintiff JOAN PEREZ resides at 222 Gates Mill Drive, Lawrenceville, Georgia 30045, and is subject to the jurisdiction of this Court.

2.

Defendant GYPSUM EXPRESS LTD is a foreign corporation existing under the laws of New York with its principal place of business at 8280 Sixty Road, Baldwinsville, NY 13027. Said Defendant may be served through its registered agent The Corporation at 8280 Sixty Road, Baldwinsville, NY 13027, and is subject to the jurisdiction of this Court.

3.

Defendant DENNIS HORNE is a nonresident of the State of Georgia that caused a wreck in Gwinnett County, Georgia and is subject to the jurisdiction of this Court by virtue of the Georgia Nonresident Motorist Act. Service may be had upon the Georgia Secretary of State as well as upon the Defendant at 859 Watson Avenue, Carolina Shores, North Carolina 38467.

4.

Defendant PROTECTIVE INSURANCE COMPANY is a foreign insurance company existing under the laws of the state of Indiana with its principal place of business at 111 Congressional Blvd., Suite 500, Carmel, Indiana 46032. Said Defendant may be served through its registered agent Corporation Service Company at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092, and is subject to the jurisdiction of this Court.

5.

Jurisdiction and venue are proper in this Court.

**BACKGROUND**

6.

On or about March 24, 2020, Plaintiff was travelling on Harbins Road, near the intersection of Winder Highway, in Gwinnett County, Georgia. Plaintiff was driving in the right lane, which is a designated turn lane.

7.

On or about March 24, 2020, DENNIS HORNE was driving his tractor-trailer on Harbins Road, near the intersection of Winder Highway, in Gwinnett County, Georgia. Mr. Horne was driving said tractor-trailer in the lane designated to go straight.

8.

On or about March 24, 2020, Defendant DENNIS HORNE was driving his tractor-trailer on

Harbins Road, near the intersection of Winder Highway, in Gwinnett County, Georgia. Defendant was traveling in the lane immediately to the left of the lane occupied by Plaintiff.

9.

On this date, Defendant DENNIS HORNE was operating his tractor-trailer on behalf of Defendant GYPSUM EXPRESS LTD.

10.

Suddenly and without warning, Defendant DENNIS HORNE maneuvered his vehicle into the lane that Plaintiff was travelling in as he attempted to turn right onto Winder Highway. Defendant's sudden and improper change of lane caused Defendant's and Plaintiff's vehicles to collide.

11.

As a result of the collision, Plaintiff suffered severe and permanent injuries.

12.

As a result of Defendant DENNIS HORNE's negligence, Plaintiff's vehicle sustained property damage.

## COUNT 1

## NEGLIGENCE

13.

Plaintiff realleges and incorporates herein the allegations contained in Paragraphs 1 through 12 above as if fully restated.

14.

The direct and proximate cause of the collision was the negligence and the negligence per se of Defendant DENNIS HORNE, including but not limited to the following:

(a) failing to yield the right of way;

(b) driving too fast for conditions;

(c) making an improper lane change;

(d) failing to stay in his lane of travel;

(e) failure to exercise due caution while operating a motor vehicle;

(f) failure to maintain proper control of his vehicle in violation of O.C.G.A. § 40-6-390;

(g) operating his vehicle in a reckless manner with a disregard for the safety of others in violation of O.C.G.A. § 40-6-390;

(h) failure to pay proper attention to his course of travel and movement of other vehicles upon the street; and

(i) failure to keep a proper lookout for other vehicles using the roadway at the time of the collision.

15.

Defendant DENNIS HORNE's negligence was the sole and proximate cause of the collision and Plaintiff's resulting injuries.

**COUNT 2**

**IMPUTED LIABILITY**

16.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 15 above as if fully restated.

17.

At the time of the subject collision, Defendant DENNIS HORNE was under dispatch for Defendant GYPSUM EXPRESS LTD.

18.

At the time of the subject collision, Defendant DENNIS HORNE was operating his vehicle

on behalf of Defendant GYPSUM EXPRESS LTD.

19.

Defendant GYPSUM EXPRESS LTD. is an intrastate or interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant DENNIS HORNE in regard to the collision described in this complaint under the doctrine of lease liability, agency, apparent agency, or respondent superior.

## COUNT 3

## NEGLIGENT HIRING, TRAINING & SUPERVISION

20.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 19 above as if fully restated.

21.

Defendant GYPSUM EXPRESS LTD. was negligent in hiring Defendant DENNIS HORNE and entrusting him to drive a tractor-trailer.

22.

Defendant GYPSUM EXPRESS LTD. was negligent in failing to properly train Defendant DENNIS HORNE.

23.

Defendant GYPSUM EXPRESS LTD. was negligent in failing to properly supervise Defendant DENNIS HORNE.

24.

Defendant GYPSUM EXPRESS LTD.'s negligence in hiring Defendant DENNIS HORNE and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the sole and proximate cause of the collision and Plaintiff's resulting injuries.

## COUNT 4

## DIRECT ACTION

25.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 24 above as if fully restated.

26.

Defendant PROTECTIVE INSURANCE COMPANY is subject to a direct action as the insurer for Defendant GYPSUM EXPRESS LTD pursuant to O.C.G.A. § 40-2-140 or its predecessor O.C.G.A. § 46-7-12.1.

27.

Defendant PROTECTIVE INSURANCE COMPANY was the insurer of Defendant GYPSUM EXPRESS LTD at the time of the subject incident and issued a liability policy to comply with the filing requirements under Georgia law for intrastate transportation.

28.

Defendant PROTECTIVE INSURANCE COMPANY and Defendant GYPSUM EXPRESS LTD are subject to the filing requirements outlined in O.C.G.A. § 40-2-140 or its predecessor O.C.G.A. § 46-7-12.1.

29.

Defendant PROTECTIVE INSURANCE COMPANY is responsible for any judgment rendered against Defendant GYPSUM EXPRESS LTD and Defendant DENNIS HORNE up to its policy limits of coverage.

## COUNT 5

## DAMAGES

30.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 29 above as if fully restated.

31.

As a result of Defendants' negligence, Plaintiff suffered injuries, including but not limited to a disc herniation at L4-5 with increased signaling indicating edema/annular tear compressing on the thecal sac and causing bilateral neuroforaminal narrowing.

32.

As a result of Defendants' negligence, Plaintiff has incurred past medical expenses and will continue to incur future medical expenses.

33.

Defendants' negligence is the sole and proximate cause of Plaintiff's injuries.

34.

Plaintiff Arian Perez was, and remains, the lawful wife of Joan Perez. Mrs. Perez has suffered damages in the nature of lost companionship and consortium as a direct and proximate result of the Defendants' negligence.

## COUNT 6

## PUNITIVE DAMAGES

35.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 34 above as if fully restated.

36.

Defendants' conduct was reckless, willful, and wanton, and demonstrates a conscious

indifference to the consequences of their actions and entitles Plaintiffs to an award of punitive damages.

**WHEREFORE**, Plaintiffs prays that they have a trial on all issues and judgment against Defendants as follows:

a. That Plaintiffs recover the full value of his past and future medical expenses and past and future lost wages in an amount to be proven at trial;

b. That Plaintiffs recover for physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

c. That Plaintiffs recover for the property damage to his vehicle in an amount to be determined by the enlightened conscience of a jury;

d. That Plaintiffs recover punitive damages in an amount to be determined by the enlightened conscience of a jury; and

e. That Plaintiffs recover such other and further relief as is just and proper.

This 14th day of February 2022.

        THE EICHHOLZ LAW FIRM, P.C.

        */s/* David S. Eichholz
        DAVID S. EICHHOLZ
        Georgia State Bar No. 502134
        *Attorney for Plaintiffs*

319 Eisenhower Drive
Savannah, Georgia 31406
(912) 232-2791 Telephone
david@thejusticelawyer.com