IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOAN PEREZ and ARIAN PEREZ,

    Plaintiffs,

v.

GYPSUM EXPRESS LTD, DENNIS HORNE, and PROTECTIVE INSURANCE COMPANY,

    Defendants.

Civil Action No.
1:22-cv-01050-SDG

**OPINION AND ORDER**

This matter is before the Court on Defendant Protective Insurance Company's (Protective) unopposed motion for summary judgment [ECF 21]. For the reasons stated below, Protective's motion is **GRANTED.**

**I.   BACKGROUND**

This action stems from a motor vehicle accident that occurred on March 24, 2020.[1] Plaintiff Joan Perez was driving near an intersection of Wider Highway in Gwinnett County, Georgia.[2] She was in the right turn lane.[3] Defendant Dennis Horne was driving a tractor-trailer on behalf of Defendant Gypsum Express Ltd.

---

[1] Although Protective moved for summary judgment, much of its statement of undisputed material facts is drawn from the allegations in the Complaint. ECF 21-1, at 1–2. Accordingly, the Court views those allegations in the light most favorable to Plaintiffs, and draws "all justifiable inferences" in their favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

[2] ECF 1-1, ¶ 6.

[3] *Id.*

in the lane immediately to the left of Joan Perez.[4] Plaintiffs allege that Horne attempted to turn right from the lane he was in and caused a collision between his tractor-trailer and the vehicle Joan Perez was driving.[5] She allegedly suffered permanent injuries as a result of the collision.[6] She asserts various claims for damages and her wife, Arian Perez, asserts a claim for loss of consortium.[7] Protective provided an insurance policy to Gypsum at the time of the accident,[8] and Plaintiffs assert a direct action claim against it under O.C.G.A. § 40-2-140.[9]

Protective moves for summary judgment on the basis that it is not subject to Georgia's direct action statute since it is Gypsum's excess insurer and Gypsum is self-insured up to $100,000.[10] Accordingly, Protective contends that, under Georgia law, it owes no coverage to Gypsum until Gypsum's self-insurance has been exhausted.[11] Protective's motion attaches a copy of the insurance policy it

---

[4]   *Id.* ¶¶ 8–9.
[5]   *Id.* ¶ 10.
[6]   *Id.* ¶ 11.
[7]   *Id.* ¶¶ 13–36.
[8]   *Id.* ¶¶ 26–27.
[9]   *Id.* ¶¶ 25–29.
[10]  ECF 21-4, ¶¶ 2–4.
[11]  *Id.* ¶ 3.

issued to Gypsum (the Policy).[12] Plaintiffs do not dispute the authenticity of this document, nor have they otherwise responded to Protective's motion.

Gypsum is the named insured in the Policy.[13] The Policy provides for a self-retention of $100,000 per occurrence for certain coverages, including for personal injury and property damage liability, and for losses to covered vehicles.[14] The Policy is expressly an excess contract—providing coverage only in excess of the self-retention amount.[15]

## II.   LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Supreme Court has held that, under the plain language of this Rule, the entry of summary judgment is required "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

---

[12]   ECF 21-2.

[13]   *Id.* at 1.

[14]   *Id.* at 2, 3.

[15]   *Id.* at 3.

Plaintiffs did not respond to Protective's Statement of Material Facts Not in Dispute. LR 56.1(B)(2)(a)(2), NDGa. *See also Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009) (explaining that a plaintiff's "failure to comply with [this Court's] local rule 56.1 is not a mere technicality"). Protective's few factual assertions are supported by citations to record evidence—namely, the Policy. *Reese v. Herbert*, 527 F.3d 1253, 1269 (11th Cir. 2008) (holding that, "after deeming the movant's statement of undisputed facts to be admitted pursuant to Local Rule 56.1, the district court must then review the movant's citations to the record to determine if there is, indeed, no genuine issue of material fact") (cleaned up). Protective's facts are therefore admitted.

## III. DISCUSSION

In Georgia, a party may not generally "bring a direct action against the liability insurer of the party who allegedly caused the damage unless there is an unsatisfied judgment against the insured or it is specifically permitted either by statute or a provision in the policy." *Hartford Ins. Co. v. Henderson & Son, Inc.*, 258 Ga. 493, 494 (1988) (citing *Seaboard Coast Line RR Co. v. Freight Delivery Serv., Inc.*, 133 Ga. App. 92, 95–96 (1974)). Some exceptions are provided in Georgia's direct action statutes. Under those laws, a person who has a cause of action against a "motor carrier" may also pursue an action directly against that motor carrier's

insurer. *See, e.g.*, O.C.G.A. §§ 40-1-122, 40-2-140(d). Protective, however, argues that these laws do not permit a direct suit against an excess carrier.[16]

In support of this position, Protective relies on *Handley v. Werner Enterprises, Inc.*, Case No. 7:20-cv-00235 (WLS), 2022 WL 109976 (M.D. Ga. Jan. 11, 2022). There, another district court in Georgia concluded that the motor carrier exception does not apply to excess insurers. *Id.* at *1. The Georgia Court of Appeals has held similarly. *RLI Ins. Co. v. Duncan*, 345 Ga. App. 876, 878 (2018) ("As this Court has often noted, this so-called 'direct action statute' [O.C.G.A. § 40-1-112] does not authorize actions against an insured's excess insurer." (citing *Werner Enters., Inc. v. Stanton*, 302 Ga. App. 25, 26 (2010); *Jackson v. Sluder*, 256 Ga. App. 812, 818 (2002))). Since Protective is not legally obligated to pay any sums under the Policy until Gypsum exhausts its self-retention limit, Plaintiffs may not pursue a direct action against Protective at this point and it is not a proper party to this litigation. *RLI Ins. Co.*, 345 Ga. App. at 879.

---

[16] ECF 21-1, at 3.

## IV. CONCLUSION

Protective's motion for summary judgment [ECF 21] is **GRANTED** and the claims against it are **DISMISSED**. Plaintiffs and the remaining Defendants are **DIRECTED** to file the Consolidated Pre-Trial Order within 14 days.

**SO ORDERED** this 21st day of September, 2023.

Steven D. Grimberg
United States District Court Judge